# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

WALTER BLAINE EVANS,

    Plaintiff,

v.

SAMUEL VAZANELLIS,
DAVID OLSON, and
BENARD CARTER,

    Defendants.

Case No. 2:16-CV-447 JVB

## OPINION AND ORDER

Walter Blaine Evans, a pro se prisoner, filed a complaint alleging that he is being denied a speedy trial. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Evans is suing his former Public Defender, Samuel Vazanellis, because he refused to file a speedy trial motion. He is suing the Chief Public Defender, David Olson, because he employs Vazanellis and allowed him to refuse to file the motion. Finally, Evans is suing the elected prosecuting attorney, Benard Carter, because he employs and has permitted prosecutors to deny him a speedy trial.

First, a criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore the allegations that Vazanellis and Olson did not file a speedy trial motion do not state a claim. Second, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." (quotation marks and citation omitted)). Therefore prosecutorial immunity precludes a claim for monetary damages based on the allegation that Carter was involved in denying Evans a speedy trial. Third, injunctive relief is not available because the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53 (1971) requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism.

Therefore this case must be dismissed. Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on November 14, 2016.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE